GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, California 92618
Telephone: (949) 753-0255
Facsimile: (949) 753-0265
Electronic Service: eservice@g3pmlaw.com

Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

Attorney for Defendant KIA AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PARKER, | Case No: **'23CV0559 JES KSC** |
| Plaintiff, | Dist. Judge: |
| | Mag. Judge: |
| vs. | Dept.: |
| | |
| KIA AMERICA, INC.; and DOES 1 to 10, | **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Defendant Kia America, Inc. ("KA") hereby removes this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Section 1441(c), based upon federal question jurisdiction as defined by 28. U.S.C. Section 1331.

The basis for removal is as follows:

**COMPLAINT AND TIMELINESS OF REMOVAL**

1.  On December 28, 2022, Plaintiff CHRISTINA PARKER ("Plaintiff"), commenced this action in San Diego County Superior Court entitled as follows: Christina Parker v. Kia

America, Inc.; Case No. 37-2022-00051781-CU-BC-NC, alleging causes of action relating to the purchase of a 2018 Kia Optima Hybrid, VIN: 5XXGT4L39JG205447 ("Subject Vehicle"). (Proudfoot Decl. ¶ 4.)

2.   At the time of the commencement of this action, KA was the only named defendant.

3.   Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case.  28 U.S.C. § 1446(b). KA received notice of this matter after it was served with a copy of the Complaint on December 29, 2022. (*See CT Corporation service of process transmittal attached to Complaint as* **Exhibit B** to the Declaration of Matthew M. Proudfoot ["Proudfoot Decl."] at ¶ 13, filed concurrently herewith).

4.   However, Section 1446(b) also provides, in relevant part: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 1325-26, 143 L.Ed.2d 448 (1999).

5.   Here, Plaintiff's Complaint did not allege Plaintiff's residency or citizenship, nor did it

2

specifically allege an amount in controversy. Consequently, the case stated by the initial pleading was not removable. It was not until March 8, 2023, that Defendant was able to obtain information related to Plaintiff's residency and/or citizenship by way of the Retail Installment Sale Contract ("Sales Contract"), that it was able to first determine that this matter was removable to Federal Court. (*See* **Exhibit A** to Proudfoot Decl., at ¶¶ 4-6).

6.   Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than thirty (30) days since March 8, 2023 has not elapsed. Accordingly, this Notice of Removal is timely filed.

7.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in KA's possession are contained in **Exhibits A-C** filed herewith to the Declaration of Matthew Proudfoot.

8.   Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this district embraces the place in which the State Action has been pending.

9.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego, promptly after filing of same in this Court.

10.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all

DEFENDANT'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

1  adverse parties promptly after the filing of same in this

2  Court.

3      11.   If any question arises as to the propriety of the

4  removal of this action, KA requests the opportunity to

5  conduct discovery, brief any disputed issues and to present

6  oral argument in favor of its position that this case is

7  properly removable.

8      12.   Nothing in this Notice of Removal shall be

9  interpreted as a waiver or relinquishment of KA's right to

10 assert defenses including, without limitation, the defenses

11 of (i) lack of jurisdiction over person, (ii) improper

12 venue and/or *forum non conveniens*, (iii) insufficiency of

13 process, (iv) insufficiency of service of process, (v)

14 improper joinder of claims and/or parties, (vi) failure to

15 state a claim, (vii) failure to join indispensable

16 party(ies), or (viii) any other procedural or substantive

17 defense available under state or federal law.

18                    **VENUE IS PROPER**

19     13. This is a civil action which may be removed to

20 this Court pursuant to 28 U.S.C. section 1441(c) because

21 Plaintiff's cause of action arises under the Federal

22 Magnuson-Moss Warranty Act. 15 U.S.C. Section 2301 et seq.

23     14. The Superior Court of the State of California for

24 the County of San Diego is located in the Southern District

25 of California. Therefore, venue is proper pursuant to 28

26 U.S.C. section 84 because this is the "district and

27 division within which such action is pending . . . ." (See

28 28 U.S.C. §1446(a).)

                              4

15. No previous application has been made for the relief requested herein.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1441**

**A. Federal Question Jurisdiction Exists**

16. A defendant in state court may remove a civil action to federal court so long as that case could have originally been brought in federal court. (28 U.S.C. § 1441 (a); City of Chicago V. International College Of Surgeons, 522 U.S. 156,163 (1997).) Removal can therefore be based on either diversity or federal question jurisdiction.

17. Determination of federal question jurisdiction "is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." (California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).)

18. Here, Plaintiff's fifth cause of action alleges violations under the Magnuson-Moss Warranty Act. Because this Act is a federal act pursuant to 15 U.S.C. Section 2301 et seq, federal question jurisdiction exists. (See Proudfoot Decl. ¶¶ 5, 9; Exhibit B hereto, Complaint, ¶¶ 28-37.)

**B. The Amount in Controversy Requirement Is Satisfied**

19. The amount-in-controversy exceeds $50,000.00[1], exclusive of interest and costs, for the following reasons:

---

[1] The Magnuson-Moss Act Warranty only requires an amount in controversy of $50,000. See 15 U.S.C. § 2310(d)(3)(B).

(i) The action arises out of Plaintiff's alleged purchase, on February 17, 2021, of the Subject Vehicle. (Exh. F5, Complaint ¶ 9.)

(ii) Plaintiffs purchased the Subject Vehicle for a total sale price of $26,725.25. (Hurvitz Decl., Exh. A, Retail Installment Sales Contract.)

(iii) Plaintiff alleges that she is entitled to recover "actual damages, consequential damages, specific performance, diminution in value, costs, including statutory attorney fees and/or other relief as deemed appropriate." (Exh. F5, Complaint ¶ 35, Prayer.)

(iv) Plaintiff also alleges that she is entitled to a civil penalty of up to two times the amount of actual damages, along with reasonable attorney fees. (Exh. F5, Complaint ¶¶ 11, 12, 18, 22, Prayer.) Deducting a statutory mileage offset of 15,611 miles calculated to amount to $1,886.32, the total repurchase price without the addition of any claimed incidental damages, consequential damages, or attorneys' fees is 24,838.93. A double civil penalty pursuant to the Song-Beverly Act on that amount is $49,677.86 for a minimum potential amount in controversy of $74,516.79. (Proudfoot Decl.¶ 8.)

(v) Furthermore, in the Complaint, Plaintiff alleges she suffered damages of not less than $25,001.00. (Exh. F5, Complaint ¶ 10), and adding $50,002.00 as two times civil penalty pursuant to the Song Beverly Act, damages

6

total at least $75,003.00. (See Exh. F5, Complaint ¶¶ 11, 12, 18, 22, Prayer.)

20. At a minimum, Plaintiff is seeking in excess of $74,516.79 in monetary damages and civil penalties, not including other incidental and consequential damages, prejudgment interest, or attorneys' fees and costs. (See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1009 (N.D. Cal., 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages).)

21. The amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. (Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).) Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff

DEFENDANT'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

cannot possibly recover that amount. (Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008).)

22. Based upon the foregoing, all requirements for removal jurisdiction have been met. Defendant KA therefore requests that this action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

## SERVICE OF NOTICE ON PLAINTIFFS AND STATE COURT

23. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of San Diego.

24. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE |
|---------|----------------|
| A | Retail Installment Sales Contract |
| B | Summons, Complaint for Violation of Statutory Obligations, Demand for Jury Trial, Civil Cover Sheet, Notice of Case Assignment and Case Management Conference |
| C | Kia America, Inc.'s Answer to Complaint |

DEFENDANT'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

1  WHEREFORE, Removing Defendant respectfully requests

2  that the above captioned action pending before the Superior

3  Court of the State of California in and for the County of

4  San Diego be removed to the United States District Court

5  for the Southern District of California

6

7  Dated:  March 29, 2023         GATES, GONTER, GUY,
                                   PROUDFOOT & MUENCH, LLP
8

9                            By: _____
                                   MATTHEW M. PROUDFOOT
10                                 Attorneys for Defendant KIA
                                   AMERICA, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

EXHIBIT "A"

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Dealer Number **43189**    Contract Number **N/A**    R.O.S. Number **N/A**    Stock Number **205447**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| CHRISTINA L PARKER 1176 NORTH CUYAMACA #7 EL CAJON, CA 92020 67A | N/A | AUTO CITY SALES 400 N. JOHNSON AVE EL CAJON, CA 92020 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2018 | KIA OPTIMA | 32,103 | 5XXGT4L39JG205447 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2000.00 is |
|---|---|---|---|---|
| 8.99 % | $ 5861.65 (e) | $ 18863.60 (e) | $ 24725.25 (e) | $ 26725.25 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 74 | 329.67 | Monthly beginning 03/19/21 |
| N/A | N/A | N/A |
| One final payment | 329.67 | 05/19/27 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ... $ 14,500.00 (A)
      1. Cash Price Vehicle ... $ 14,500.00
      2. Cash Price Accessories ... $ N/A
      3. Other (Nontaxable)
         Describe N/A ... $ N/A
         Describe N/A ... $ N/A
   B. Document Processing Charge (not a governmental fee) ... $ 85.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ... $ N/A (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) N/A ... $ N/A (D1)
      2. (paid to) N/A ... $ N/A (D2)
      3. (paid to) KARR ... $ 1,095.00 (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) N/A ... $ N/A (E1)
      2. (paid to) N/A ... $ N/A (E2)
   F. EV Charging Station (paid to) N/A ... $ N/A (F)
   G. Sales Tax (on taxable items in A through F) ... $ 1,293.60 (G)
   H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (paid to) DMV DESK ... $ 30.00 (H)
   I. (Optional) Service Contract(s)
      1. (paid to) PORTFOLIO ... $ 2,500.00 (I1)
      2. (paid to) N/A ... $ N/A (I2)
      3. (paid to) N/A ... $ N/A (I3)
      4. (paid to) N/A ... $ N/A (I4)
      5. (paid to) N/A ... $ N/A (I5)
   J. Prior Credit or Lease Balance (e) paid by Seller to N/A

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

|  | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical $ N/A | N/A Mos. | $ N/A |
|  | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums ... $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X N/A
Seller X _____

### OPTIONAL DEBT CANCELLATION AGREEMENT.

A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos. EXPRESS GAP
Debt Cancellation Agreement
I want to buy a debt cancellation agreement.

**Buyer Signs X** _____

### OPTIONAL SERVICE CONTRACT(S)

You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

| I1 Company PORTFOLIO |
|---|
| Term 66 Mos. or 100,000 Miles |
| I2 Company N/A |
| Term N/A Mos. or N/A Miles |
| I3 Company N/A |
| Term N/A Mos. or N/A Miles |
| I4 Company N/A |
| Term N/A Mos. or N/A Miles |
| I5 Company N/A |
| Term N/A Mos. or N/A Miles |

Buyer X _____

### Trade-In Vehicle(s)

1. Vehicle 1
   Year N/A   Make N/A
   Model N/A   Odometer N/A
   VIN N/A
   a. Agreed Value of Property ... $ N/A

| | | |
|---|---|---|
| **1. Total Cash Price** | | |
| A. Cash Price of Motor Vehicle and Accessories | $ 14,500.00 | (A) |
| 1. Cash Price Vehicle | $ 14,500.00 | |
| 2. Cash Price Accessories | $ N/A | |
| 3. Other (Nontaxable) | | |
| Describe _____ N/A _____ | $ N/A | |
| Describe _____ N/A _____ | $ 85.00 | (B) |
| B. Document Processing Charge (not a governmental fee) | $ | |
| C. Emissions Testing Charge (not a governmental fee) | $ N/A | |
| D. (Optional) Theft Deterrent Device(s) | $ N/A | (D1) |
| 1. (paid to) _____ N/A _____ | $ N/A | (D2) |
| 2. (paid to) _____ KARR _____ | $ 1,095.00 | (D3) |
| 3. (paid to) _____ N/A _____ | | |
| E. (Optional) Surface Protection Product(s) | $ N/A | (E1) |
| 1. (paid to) _____ N/A _____ | $ N/A | (E2) |
| 2. (paid to) _____ N/A _____ | $ N/A | (F) |
| F. EV Charging Station (paid to) _____ N/A _____ | $ 1,293.60 | (G) |
| G. Sales Tax (on taxable items in A through F) | | |
| H. Electronic Vehicle Registration or Transfer Charge | $ 30.00 | (H) |
| (not a governmental fee) (paid to) _____ DMV DESK _____ | | |
| I. (Optional) Service Contract(s) | $ 2,500.00 | (I1) |
| 1. (paid to) _____ PORTFOLIO _____ | $ N/A | (I2) |
| 2. (paid to) _____ N/A _____ | $ N/A | (I3) |
| 3. (paid to) _____ N/A _____ | $ N/A | (I4) |
| 4. (paid to) _____ N/A _____ | $ N/A | (I5) |
| 5. (paid to) _____ N/A _____ | | |
| J. Prior Credit or Lease Balance (e) paid by Seller to | $ N/A | (J) |
| Vehicle 1 _____ N/A _____ Vehicle 2 _____ N/A _____ | | |
| (see downpayment and trade-in calculation) | | |
| K. (Optional) Debt Cancellation Agreement | $ 895.00 | (K) |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A | (L) |
| M. Other (paid to) _____ N/A _____ | $ N/A | (M) |
| For _____ N/A _____ | | |
| N. Other (paid to) _____ N/A _____ | $ N/A | (N) |
| For _____ N/A _____ | | |
| **Total Cash Price** (A through N) | $ 20,398.60 | (1) |
| **2. Amounts Paid to Public Officials** | | |
| A. Vehicle License Fees                ESTIMATED | $ 242.00 | (A) |
| B. Registration/Transfer/Titling Fees      ESTIMATED | $ 215.00 | (B) |
| C. California Tire Fees | $ N/A | (C) |
| D. Other | $ N/A | (D) |
| **Total Official Fees** (A through D) | $ | (2) |
| **3. Amount Paid to Insurance Companies** | | |
| (Total premiums from Statement of Insurance) | $ N/A | (3) |
| 4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $ 8.00 | (4) |
| **5. Subtotal** (1 through 4) | $ 20,863.60 | (5) |
| **6. Total Downpayment** | | |
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): | $ N/A | (A) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| B. Total Less Prior Credit or Lease Balance (e) | $ N/A | (B) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| C. Total Net Trade-In (A−B) (indicate if negative number) | $ N/A | (C) |
| Vehicle 1 $ _____ Vehicle 2 $ _____ | | |
| D. Deferred Downpayment Payable to Seller | $ N/A | (D) |
| E. Manufacturer's Rebate | $ N/A | (E) |
| F. Other | $ 2,000.00 | (F) |
| G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ N/A | (G) |
| **Total Downpayment** (C through G) | $ 2,000.00 | (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above) | | |
| **7. Amount Financed** (5 less 6) | $ 18,863.60 | (7) |

| | |
|---|---|
| Term _____ Mos. | Debt Cancellation Agreement |
| I want to buy a debt cancellation agreement. | |
| **Buyer Signs X** _____ | |

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

| | | | |
|---|---|---|---|
| I1 Company | PORTFOLIO | | |
| Term _____ | Mos. or | 100,000 | Miles |
| I2 Company | N/A | | |
| Term _____ | Mos. or | N/A | Miles |
| I3 Company | N/A | | |
| Term _____ | Mos. or | N/A | Miles |
| I4 Company | N/A | | |
| Term _____ | Mos. or | N/A | Miles |
| I5 Company | N/A | | |
| Term _____ | Mos. or | N/A | Miles |
| **Buyer X** _____ | | | |

**Trade-In Vehicle(s)**

| | | |
|---|---|---|
| 1. Vehicle 1 | | |
| Year _____ Make _____ | | |
| Model _____ N/A _____ Odometer | | N/A |
| VIN _____ N/A _____ | | N/A |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property | | |
| Being Traded-In (a−b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c−d) (must be ≥ 0 | | |
| for buyer/co-buyer to retain equity) | $ | N/A |
| 2. Vehicle 2 | | |
| Year _____ N/A _____ Make _____ | | |
| Model _____ N/A _____ Odometer | | N/A |
| VIN _____ N/A _____ | | N/A |
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property | | |
| Being Traded-In (a−b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c−d) (must be ≥ 0 | | |
| for buyer/co-buyer to retain equity) | $ | N/A |
| **Total Agreed Value of Property** | | |
| **Being Traded-In** (1c+2c) | | N/A |
| **Total Prior Credit or Lease** | | |
| **Balance** (1d+2d) | $ | N/A |
| **Total Net Trade-In** (1e+2e) | $ | N/A |
| (*See item 6A−6C in the Itemization of Amount Financed) | | |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, _____ Year _____.

**SELLER'S INITIALS** _____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

**Buyer Signs X** _____
**Co-Buyer Signs X** _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

**Buyer Signature X** _____ N/A _____    **Co-Buyer Signature X** _____

**AUTO BROKER FEE DISCLOSURE**
the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

M. Other (paid to) _____ N/A _____
  For _____ N/A _____ $ _____ N/A _____ (N)
N. Other (paid to) _____ $ _____ 20,398.60 _____ (1)
Total Cash Price (A through N)
2. Amounts Paid to Public Officials
  A. Vehicle License Fees _____ ESTIMATED _____ $ _____ 242.00 _____ (A)
  B. Registration/Transfer/Titling Fees _____ ESTIMATED _____ $ _____ 215.00 _____ (B)
  C. California Tire Fees _____ N/A _____ $ _____ N/A _____ (C)
  D. Other _____ $ _____ 457.00 _____ (D)
Total Official Fees (A through D) _____ $ _____ (2)
3. Amount Paid to Insurance Companies _____ $ _____ N/A _____ (3)
  (Total premiums from Statement of Insurance)
4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee _____ $ _____ 8.00 _____ (4)
5. Subtotal (1 through 4) _____ $ _____ 20,863.60 _____ (5)
6. Total Downpayment _____ N/A
  A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)) _____ $ _____ N/A _____ (A)
     Vehicle 1 $ _____ Vehicle 2 $ _____
  B. Total Less Prior Credit or Lease Balance (e) _____ $ _____ N/A _____ (B)
     Vehicle 1 $ _____ Vehicle 2 $ _____
  C. Total Net Trade-In (A–B) (indicate if negative number) _____ $ _____ N/A _____ (C)
     Vehicle 1 $ _____ Vehicle 2 $ _____
  D. Deferred Downpayment Payable to Seller _____ $ _____ N/A _____ (D)
  E. Manufacturer's Rebate _____ N/A _____ $ _____ N/A _____ (E)
  F. Other _____ $ _____ 2,000.00 _____ (F)
  G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card _____ $ _____ (G)
  Total Downpayment (C through G) _____ $ _____ 2,000.00 _____ (6)
  (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)
7. Amount Financed (5 less 6) _____ $ _____ 18,863.60 _____ (7)

Model _____ N/A _____
VIN _____ N/A _____
a. Agreed Value of Property _____ $ _____ N/A _____
b. Buyer/Co-Buyer Retained Trade Equity _____ $ _____
c. Agreed Value of Property
   Being Traded-In (a–b) _____ $ _____ N/A _____
d. Prior Credit or Lease Balance _____ $ _____
e. Net Trade-In (c–d) (must be ≥ 0
   for buyer/co-buyer to retain equity) _____ $ _____ N/A _____

Total Agreed Value of Property
Being Traded-In (1c+2c) _____ $ _____ N/A _____
Total Prior Credit or Lease
Balance (1d+2d) _____ $ _____ N/A _____
Total Net Trade-In (1e+2e) _____ $ _____ N/A _____
(*See item 6A–6C in the Itemization of Amount Financed)

OPTION: ☐ You pay no finance charge if the
Amount Financed, Item 7, is paid in full on or
before _____ , _____ Year _____
SELLER'S INITIALS _____

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____
Co-Buyer Signs X _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____ N/A _____ Co-Buyer Signature X _____ N/A _____

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____ N/A _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
Buyer X _____ Co-Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING: YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD. FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT. THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____ X _____ N/A _____

N/A

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____ Co-Buyer Signature X _____ N/A

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

Vehicle 1 $ _____ Vehicle 2 $ _____          N/A

D. Deferred Downpayment Payable to Seller                    $ ____ N/A (D)
E. Manufacturer's Rebate          N/A                        $ ____ N/A (E)
F. Other _____                                         $ ____ (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card  $ 2,000.00 (G)
Total Downpayment (C through G)                              $ 2,000.00 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6)                               $ 18,863.60 (7)

Amount Financed, Item 7, is paid in full on or before _____ , Year _____

**SELLER'S INITIALS**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____
Co-Buyer Signs X _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____          Co-Buyer Signature X _____  N/A

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ **Name of autobroker receiving fee, if applicable:** _____ N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____          Co-Buyer X _____ N/A

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____          Co-Buyer X _____ N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE DEALER SELLING THE DEALER, HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

C/S X _____

N/A

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____          Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____  Date 02/17/21          Co-Buyer Signature X _____  Date
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____  N/A          Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ N/A          Date _____          Guarantor X _____ N/A          Date _____
Address _____ N/A          Address _____ N/A

Seller Signs _____ AUTO CITY SALES          Date 02/17/21   By X _____          Title MANAGER

**LAW** FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

EXHIBIT "B"



**CT Corporation**
**Service of Process Notification**
12/29/2022
CT Log Number 542937169

## Service of Process Transmittal Summary

**TO:**     James Meyers
            Kia Motors America, Inc.
            111 PETERS CANYON RD
            IRVINE, CA 92606-1790

**RE:**     **Process Served in California**

**FOR:**    Kia America, Inc.  (Domestic State: CA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CHRISTINA PARKER // To: Kia America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s), Stipulation, Notice(s) |
| **COURT/AGENCY:** | San Diego County Superior Court - North County Division, CA<br>Case # 37202200051781CUBCNC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Kia Optima Hybrid - VIN: 5XXGT4L39JG205447 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/29/2022 at 14:47 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Jeffrey O. Moses<br>CLINE, APC<br>7855 Ivanhoe Ave, Suite 408<br>La Jolla, CA 92037<br>858-373-9337 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/29/2022, Expected Purge Date: 01/03/2023<br><br>Image SOP<br><br>Email Notification,  Robert Hyatt  rhyatt@kiausa.com<br><br>Email Notification,  Samantha Hughes  shughes-contracted@kiausa.com<br><br>Email Notification,  Richard Holm  rholm@kiausa.com<br><br>Email Notification,  Jeremy Close  jclose@kiausa.com<br><br>Email Notification,  James Meyers  meyersj@kiausa.com<br><br>Email Notification,  John Y Yoon  jyoon@kiausa.com<br><br>Email Notification,  Debbie Avalos  davalos@kiausa.com<br><br>Email Notification,  Wendy Seeley  wseeley@kiausa.com |

**CT Corporation**
**Service of Process Notification**
12/29/2022
CT Log Number 542937169

Email Notification,  Marisa Sanchez  msanchez@kiausa.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Dec 29, 2022
**Server Name:**                   Jimmy Lizama

| Entity Served | KIA AMERICA, INC. |
|---------------|-------------------|
| Case Number | 37-2022-00051781-CU-BC-NC |
| Jurisdiction | CA |

| Inserts | | |
|---------|---|---|
| | | |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>KIA AMERICA, INC.; and DOES 1 to 10<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>CHRISTINA PARKER | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/28/2022** at 01:53:11 PM<br>Clerk of the Superior Court<br>By Erika Deavers,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court North County Division<br><br>325 S Melrose Drive<br>Vista, CA 92081 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2022-00051781-CU-BC-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey O. Moses, SBN 303909, Cline, APC, 7855 Ivanhoe Ave., Ste. 408, La Jolla, CA 92037, 858.373.9377

| DATE:<br>*(Fecha)* 12/28/2022 | Clerk, by<br>*(Secretario)* _C. Deavers_ E. Deavers | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Kia America, Inc.

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/28/2022** at 01:53:11 PM
Clerk of the Superior Court
By Erika Deavers, Deputy Clerk

1  Brian K. Cline, State Bar no.: 246747
   brian@clineapc.com
2  Mark Johnson, State Bar no.: 276753
   mark@clineapc.com
3  Jeffrey O. Moses, State Bar no.: 303909
   jeff@clineapc.com
4  **CLINE, APC**
   7855 Ivanhoe Ave, Suite 408
5  La Jolla, CA 92037
   858/373.9337 (t)
6
   Attorneys for Plaintiff
7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF SAN DIEGO—NORTH COUNTY**

10

11 CHRISTINA PARKER,                          ) Case No.: 37-2022-00051781-CU-BC-NC
                                              )
12              Plaintiff,                     ) **PLAINTIFF'S COMPLAINT FOR**
                                              ) **DAMAGES:**
13    vs.                                      )  1. **Statutory Violation of California**
                                              )     **Civil Code section 1793.2(d)—Failure**
14 KIA AMERICA, INC.; and DOES 1 to 10,       )     **to Repurchase/Replace;**
                                              )  2. **Statutory Violation of California**
15                                             )     **Civil Code section 1794(b)—Failure**
                                              )     **to Complete Repairs within 30 days;**
16              Defendants.                    )  3. **Statutory Violation of California**
                                              )     **Civil Code section 1794 and UCC**
17                                             )     **2725—Breach of Express Warranty**
                                              )  4. **Statutory Violation of California**
18                                             )     **Civil Code sections 1791.1, 1794—**
                                              )     **Breach of Implied Warranty of**
19                                             )     **Merchantability**
                                              )  5. **Statutory Violation—Magnusson-**
20                                             )     **Moss Warranty Act**
                                              )  6. **Fraud By Omission**
21                                             )  7. **Negligence**
                                              )  8. **Violation of the B&P Code**
22                                             )
                                              ) **DEMAND FOR JURY TRIAL**
23                                             )
                                              )
24 _____ )

25

26 Plaintiff alleges as follows:

27 1.      Plaintiff CHRISTINA PARKER (hereinafter referred to as "Plaintiff") was at all material

28 times a competent adult.

                              - 1 -
                   PLAINTIFF'S COMPLAINT FOR DAMAGES

1    2.    Plaintiff is informed and believes and thereupon alleges that defendant KIA AMERICA,

2    INC., (Defendant) is a corporation organized and in existence under the laws of the State of

3    California and registered with the California Department of Corporations to conduct business in

4    California. At all times relevant herein, Defendant was engaged in the business of designing,

5    manufacturing, constructing, assembling, marketing, and distributing automobiles and other motor

6    vehicles and motor vehicle components in San Diego County, California.

7    3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued under the

8    fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474, and

9    are each independently, or as a representative of another defendant in this suit, responsible in some

10    manner for the causes of action set forth herein and the damages sustained by Plaintiff. When

11    Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10,

12    Plaintiff will amend this Complaint to state their true names and capacities.

13                    **FIRST CAUSE OF ACTION**

14          **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

15    5.    Plaintiff purchased (hereinafter referred to as "purchased") one new[1] 2018 Kia Optima

16    Hybrid, vehicle identification number 5XXGT4L39JG205447, (Vehicle) which was manufactured

17    and/or distributed by Defendant. The Vehicle was purchased primarily for personal, family, or

18    household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business

19    of manufacturing, distributing, or selling consumer goods at retail.[2]

20    6.    Defendant gave Plaintiff an express written warranty in which Defendant undertook to

21    preserve or maintain the utility or performance of the Vehicle or to provide compensation if there

22    is a failure in utility or performance for a specified period of time. The warranty provided, in

23    relevant part, that in the event a defect developed with the Vehicle during the warranty period,

24    Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle

25    would be repaired.

26

27

28    [1] *See* Civil Code Section 1793.22 (e)(2).
     [2] *See* Civil Code section 1795.5.

7.     During the warranty period, the Vehicle contained or developed nonconformity(s) to warranty, including but not limited to defect(s) which have manifested in the activation of the Check Engine Light; steering wheel locking; rough riding; stalling; oil leaking; and failing to start. Said defects substantially impair the use, value, or safety of the Vehicle.

8.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

9.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore bring this cause of action pursuant to Civil Code section 1794.

10.     Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

11.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

12.     Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

13.     Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

///

///

**SECOND CAUSE OF ACTION**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

14.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

15.    Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

16.    Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

17.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and have exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is de minimis.

18.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

**THIRD CAUSE OF ACTION**

**BREACH OF THE EXPRESS WARRANTY**

**(CA CIV. CODE §1794; UCC §2725)**

19.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

1    20.    In accordance with Defendant KIA AMERICA, INC's warranty, Plaintiff delivered the

2    Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within

3    a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its

4    representative of the characteristics of the defects. However, the representative failed to repair the

5    Vehicle, breaching the terms of the written warranty on each occasion.

6    21.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the

7    express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §

8    1794.

9    22.    Defendant's failure to comply with its obligations under the express warranty was willful, in

10   that Defendant and its representative were aware of their obligation to repair the Vehicle under the

11   express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is

12   entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c)

13   and 15 U.S.C. § 2310(d).

14                          **FOURTH CAUSE OF ACTION**

15              **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

16                          **(CA CIV. CODE §§1791.1, 1794)**

17   23.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth

18   above.

19   24.    Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive

20   in duration with the duration of the express written warranty provided by Defendant, except that

21   the duration is not to exceed one-year.

22   25.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means

23   and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle

24   will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the

25   ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained,

26   packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made

27   on the container or label.

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

26.     Within the time frame set forth in Civil Code section 1791.1, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

27.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE MAGNUSSON-MOSS WARRANTY ACT

28.     Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above. Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

29.     Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

30.     The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

31.     In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

32.     Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

33. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

34. Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable.

35. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under the Mag-Moss Act.

36. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

37. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SIXTH CAUSE OF ACTION

## FRAUD BY OMISSION

38. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

39. At the time of Plaintiff's purchase of the Vehicle, Defendant was aware (or should have been aware) that the Vehicle engine installed in the Vehicle had one or more design and/or manufacturing defects which would cause the engine to, among other things, leak oil and stall. (hereinafter referred to as the "Engine Defect").

40. The Engine Defect is a safety concern because it causes the engine to die and stop the Vehicle from operating, which cannot be reasonably anticipated or predicted. The Engine Defect is unreasonably dangerous because it can cause engine failure while the Vehicle is in operation at any time and under any driving conditions or speeds, thereby exposing the Plaintiff, passengers and others who share the road with them to serious risk of accidents and injury.

41. Defendant acquired its knowledge of the Engine Defect (as well as the potential consequences of the Engine Defect), prior to Plaintiff's purchase of the Vehicle. Such knowledge was obtained from sources exclusively available to Defendant such as pre-production and post-production testing data; warranty data from other year, make, model vehicles equipped with the same Vehicle engine;

1    warranty and parts replacement data from Defendant's network of domestic authorized repair

2    facilities; consumer complaints about the Engine Defect; testing and analysis of defective component

3    parts and/or vehicles; technical assistance requests from Defendant's network of domestic authorized

4    repair facilities; internal communications and discussions between Defendant concerning the Engine

5    Defect; etc.

6    42.    Defendant's exclusive access to the information concerning the Engine Defect placed them in

7    a superior position to know the true state of facts about the Engine Defect in vehicles with the same

8    engines, specifically the Vehicle.

9    43.    Plaintiff is informed, believes, and thereupon alleges that Defendant knew about the Engine

10   Defect prior to Plaintiff's purchase of the Vehicle.  Nevertheless, Defendant concealed and failed to

11   disclose this material fact to Plaintiff at the time of purchase or at any time thereafter.

12   44.    Defendant, by and through its authorized repair facilities, continued to withhold this material

13   fact (regarding the Engine Defect) and actively concealed the fact from Plaintiff.  Specifically, at no

14   time prior to purchase or during the repeated visits to Defendant's authorized repair facility, did

15   Defendant, through its authorized repair facilities' technicians, disclose to Plaintiff the existence or

16   extent of the Engine Defect in the Subject Vehicle.

17   45.    In withholding this material fact from Plaintiff and continuing to actively conceal such fact,

18   Defendant intended to defraud Plaintiff and induce Plaintiff to purchase the Vehicle.

19   46.    That the engine in the Vehicle suffered from the Engine Defect is a fact that a reasonable

20   consumer would find important in deciding whether to purchase the Vehicle.  Such fact is important

21   given the safety risks associated with the Engine Defect as well as the fact the defect would manifest

22   during the warranty period.

23   47.    In justifiable reliance upon Defendant's (through its authorized agents) representations

24   concerning the general quality of the Vehicle (and in particular the omission of any mention of the

25   Engine Defect), Plaintiff purchased the Vehicle.  Plaintiff was unaware of this omission of a material

26   fact (i.e., that the engine in the Vehicle suffered from the Engine Defect) and could not reasonably

27   have been expected to learn of or discover the existence of such fact (or the associated safety risks of

28   the Engine Defect) until well after Plaintiff purchased the Vehicle.

48. Plaintiff is a reasonable consumer who does not expect the engine in her car to suffer from engine oil leaks and stalls. Nor does Plaintiff, as a reasonable consumer, expect Defendant would sell a vehicle to unsuspecting consumers without disclosing the existence of any known defects (including the Engine Defect).

49. Had Plaintiff been told of this fact (i.e., that the engine in the Vehicle suffered from the Engine Defect), Plaintiff would not have purchased the Subject Vehicle.

50. In failing to disclose the fact of the Engine Defect, Defendant committed fraud. And as a result of Defendant's fraudulent conduct, Plaintiff has suffered and will continue to suffer actual damages.

51. Defendant's conduct of fraudulently inducing Plaintiff's purchase and actively concealing the Engine Defect was done with a willful and reckless disregard for the safety of the Plaintiff, her passengers and others who share the road with her to serious risk of accidents and injury and warrants an award of punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

52. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

53. Defendant was negligent in its production/manufacture of Plaintiff's Vehicle.

54. Plaintiff was harmed because of Defendant's negligent production/manufacture of the Vehicle. Plaintiff purchased a Vehicle containing a defect. Said defect made the Vehicle a "lemon." Therefore, not worth the actual purchase price paid for the Vehicle.

55. Defendant had/has a duty to promptly repurchase or replace the Vehicle pursuant to California's Civil Code. Defendant violated this code section in its refusal to repurchase and/or replace the Vehicle pursuant to the terms of the Civil Code.

56. Defendant's negligence and/or violation was a substantial factor in bringing about harm and/or damages to Plaintiff.

57. Plaintiff's damages include the amount paid or payable with respect to the Vehicle.

///

## EIGHTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

58.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

59.    Defendant is alleged to have committed several statutory violations, as alleged in the preceding causes of actions which provide a predicate for violations of B & P § 17200. Et seq.

60.    Defendant is required to comply with the Song-Beverly Act and the common-law duties as well. As alleged herein, Defendant violated these statutes and duties. These violations of law serve as a basis for a *per se* unlawful business practice under B & P § 17200. As a result of the aforementioned actions the Plaintiff was harmed and injunctive relief and restitution, including disgorgement of improper fees penalties and interest, is appropriate.

///

///

///

1    WHERERFORE, PLAINTIFF PRAYS for judgment against Defendants as follows:

2    A.  For Plaintiff's actual damages in an amount according to proof;

3    B.  For restitution;

4    C.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil

5        Code section 1794, subdivision (c) and (e) and 15 U.S.C. § 2310(d).

6    D.  For any consequential and incidental damages;

7    E.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section

8        1794, subdivision (d) and 15 U.S.C. § 2310(d);

9    F.  For punitive damages;

10   G.  For prejudgment interest at the legal rate;

11   H.  For such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

12

13       Plaintiff hereby demands a jury trial on all causes of action asserted herein.

14

15

16

17   DATED:        December 28, 2022                **CLINE, APC**

18

19

20                                          By:  _____Jeff Moses_____

21                                          Jeffrey O. Moses
                                            Attorneys for Plaintiff

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey O. Moses, SBN 303909<br>CLINE, APC<br>7855 Ivanhoe Avenue, Suite 408<br>La Jolla, CA 92037<br>TELEPHONE NO.: 858.373.9337    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff CHRISTINA PARKER | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/28/2022** at 01:53:11 PM<br><br>Clerk of the Superior Court<br>By Erika Deavers, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 S Melrose Drive
MAILING ADDRESS: same
CITY AND ZIP CODE: Vista, 92081
BRANCH NAME: Superior Court North County Division

CASE NAME:
CHRISTINA PARKER v. KIA AMERICA, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00051781-CU-BC-NC<br><br>JUDGE: Judge Cynthia A. Freeland<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 8; Statutory Violations; Breach of Warranties; Fraud; Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 28, 2022
Jeffrey O. Moses, Attorney for Plaintiff
(TYPE OR PRINT NAME)    ▶    *[signature]*    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME:    North County | |

| PLAINTIFF(S):    Christina Parker |
|---|
| DEFENDANT(S): Kia America, Inc. |
| SHORT TITLE:    PARKER VS. KIA AMERICA INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00051781-CU-BC-NC |
|---|---|

Judge: Cynthia A. Freeland                                                        Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                              Name of Defendant

_____        _____
Signature                                      Signature

_____        _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____        _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/28/2022                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8027 |

| PLAINTIFF(S) / PETITIONER(S): | Christina Parker |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Kia America, Inc. |
|---|---|

PARKER VS. KIA AMERICA INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00051781-CU-BC-NC |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Cynthia A. Freeland                                 Department: N-27

## COMPLAINT/PETITION FILED: 12/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/25/2023 | 09:00 am | N-27 | Cynthia A. Freeland |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00051781-CU-BC-NC    CASE TITLE: Parker vs. Kia America Inc [IMAGED]

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT "C"

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**01/18/2023** at 03:04:00 PM
Clerk of the Superior Court
By Erika Deavers,Deputy Clerk

GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, California 92618
Telephone: (949) 753-0255
Facsimile: (949) 753-0265
Electronic Service: eservice@g3pmlaw.com

Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

Attorney for Defendant KIA AMERICA, INC.

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN DIEGO
VISTA DISTRICT
UNLIMITED JURISDICTION

| | |
|---|---|
| CHRISTINA PARKER,<br><br>                    Plaintiff,<br>vs.<br><br>KIA AMERICA, INC.; and DOES 1 to 10,<br><br>                    Defendants. | Case No: 37-2022-00051781-CU-BC-NC<br>Judge: Cynthia A. Freeland<br>Dept: N-27<br><br>**KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: December 28, 2022<br>Trial Date: None |

    Defendant, KIA AMERICA, INC., hereby responds to Plaintiff's Complaint herein, as follows.

### **GENERAL DENIAL**

    1.  Pursuant to California Code of Civil Procedure § 431.30, Defendant herein denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in any sum whatsoever.

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure To State A Cause Of Action)**

    2.  Plaintiff's Complaint, and each cause of action and count thereof, fails to state sufficient facts to constitute a cause of action against this answering Defendant.

1

**SECOND AFFIRMATIVE DEFENSE**

**(Disclaimer of Warranties)**

3.    Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.    Any cause of action alleged in the Complaint is barred by the statutes of limitations contained in the Code of Civil Procedure, specifically § 337, 338, 338.1, 339, 340, 343, Civil Code § 1783, Business and Professions Code §17208, and Commercial Code § 2725.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

5.    If Plaintiff sustained any damages as alleged in the Complaint, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate damages.  Plaintiff's failure to mitigate damages diminishes any recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure of Performance)**

6.    Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty.  Performance on Plaintiff's part of her obligations was a condition precedent to the performance of Defendant's obligations.

///

///

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

**SIXTH AFFIRMATIVE DEFENSE**

**(<u>Alteration of Product</u>)**

7.    The vehicle was not defective or in an unmerchantable condition when it left the possession, custody and control of the manufacturer.  Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

**SEVENTH AFFIRMATIVE DEFENSE**

**(<u>Failure to State Cause of Action for Civil Penalties</u>)**

8.    The Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

**EIGHTH AFFIRMATIVE DEFENSE**

**(<u>Abuse or Failure to Maintain</u>)**

9.    The Plaintiff is barred from recovery by virtue of Civil Code § 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

**NINTH AFFIRMATIVE DEFENSE**

**(<u>Civil Code § 1791.1(c)-Implied Warranty</u>)**

10.    Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code § 1791.1(c).

///

///

///

///

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Reasonable Opportunity to Repair)**

11.  Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Qualified Third Party Dispute Resolution Process)**

12.  Defendant maintains a third party dispute resolution process which substantially complies with Civil Code § 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiff received timely and appropriate notice of the availability of the process.  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code § 1793.22 and from recovering civil penalties pursuant to Civil Code § 1794(e).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Notice)**

13.  Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering Defendant pursuant to Civil Code § 1794(e)(3).  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code § 1793.22 and from recovering civil penalties pursuant to Civil Code § 1794(e).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

14.  The civil penalty provisions of Civil Code § 1794(c) and (e) violate the Due Process clause of the United States Constitution and the California Constitution.

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Revocation Not Effective)**

15.  Any purported revocation of acceptance was not made within a reasonable time nor before a substantial change in the condition of the vehicle which was not caused by any alleged defects.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16.  Plaintiff's claims are barred by res judicata. Defendant is informed and believes that Plaintiff was a class members of, and did not opt out from, the class action settlement in *Hyundai and Kia Engine Litigation*, United States District Court for the Central District of California, Case No. 8:17-cv-00838 and *Flaherty v. Hyundai Motor Company, et al.*, United States District Court for the Central District of California, Case No. 18-cv-02223, which reached final judgment.  The basic issue between the parties reached final determination in those actions; Plaintiff's cause of action was merged in the prior judgment; Plaintiff's action is barred by the previous judgment; Plaintiff may not split a single cause of action.  (Code Civ. Proc., § 1908, subd. (a).)

**SIXTEENTH AFFIRMATIVE DEFENSE**

17.  Plaintiff released any causes of action Plaintiff may have had against Defendant arising from the facts alleged in the Complaint in connection with the settlement of the class actions known as *In re: Hyundai and Kia Engine Litigation*, United States District Court for the Central District of California, Case No. 8:17-cv-00838 and *Flaherty v. Hyundai Motor Company, et al.*, United States District Court for the Central District of California, Case No. 18-cv-02223.  (Civ. Code, § 1541.)

5

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18.  The settlement of the class actions known as *In re: Hyundai and Kia Engine Litigation*, United States District Court for the Central District of California, Case No. 8:17-cv-00838 and *Flaherty v. Hyundai Motor Company, et al.*, United States District Court for the Central District of California, Case No. 18-cv-02223, constituted an accord and satisfaction with respect to any causes of action that Plaintiff may have had against Defendant arising from the facts alleged in the Complaint.  (Civ. Code, §§ 1521-1523.)

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable and Good Faith Conduct)**

19.  At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the law and therefore civil penalties are not recoverable.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Conduct not Willful)**

20.  KIA AMERICA, INC. did not willfully fail to comply with any obligation set forth in the Song-Beverly Consumer Warranty Act. Therefore, Plaintiffs are not entitled to recover civil penalties.

**TWENTYIETH AFFIRMATIVE DEFENSE**

**(Consumer Product)**

21.  Plaintiff's vehicle is not a consumer product as defined by 15 USC 2308(c).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(15 U.S.C.S 2310(a)(3)(C))**

22.  Plaintiff failed to resort to Kia America, Inc.'s informal dispute resolution process which bars this action.

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (New Motor Vehicle

23.     Plaintiff's vehicle is not a New Motor Vehicle as defined by Civil Code section 1793.22(e)(2).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations-CCP 338(d))

24.  Defendant is informed and believes, and based thereon alleges, that Plaintiff's sixth of action is barred by the statute of limitations set forth in Code of Civil Procedure section 338(d).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

25.     Plaintiffs are precluded from recovering a tort measure of damages in the sixth cause of action pursuant to the Economic Loss Rule.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

26.     Plaintiffs are precluded from recovering a tort measure of damages in the seventh cause of action pursuant to the Economic Loss Rule.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action for Negligence)

27.     Plaintiffs seventh cause of action fails to allege sufficient facts to state a claim for negligence.

### PRAYER

WHEREFORE, Defendant, KIA AMERICA, INC., prays as follows:

1.    That Plaintiff takes nothing by way of her Complaint on file herein;

7

2.   That judgment be entered in favor of Defendant for attorney fees and costs of suit; and,

3.   For such other and further relief as the Court may deem just and proper.


Dated:   January 18, 2023          GATES, GONTER, GUY,
                                   PROUDFOOT & MUENCH, LLP


                           By: _____
                                 MATTHEW M. PROUDFOOT
                               Attorneys for Defendant KIA AMERICA,
                               INC.

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

<u>PROOF OF SERVICE – 1013(a) C.C.P.</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA 92618.  My electronic service address is eservice@g3pmlaw.com.

On **January 18, 2023**, I served the foregoing document described as **KIA AMERICA, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as set forth on the attached service list in the following manner:

( )        **BY MAIL.**  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( )        **BY FACSIMILE.**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

( )        **BY PERSONAL SERVICE.**  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

( )        **BY EXPRESS MAIL.**  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(xxx)        **BY ELECTRONIC MAIL.**  I caused said document(s) to be served electronically to **mail@clineapc.com** pursuant to Civil Procedure §1010.6(a)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **January 18, 2023**, at Irvine, California.

_____
Heidi Dufour

**************************************************************************************

SERVICE LIST

**ATTORNEY FOR PLAINTIFF**
Jeffrey O. Moses, Esq.
CLINE APC
7855 Ivanhoe Avenue, Suite 408
La Jolla, California 92037

GATES, GONTER, GUY,
PROUDFOOT & MUENCH LLP
38 DISCOVERY, SUITE 200
IRVINE, CA 92618
(949) 753-0255

1

<u>PROOF OF SERVICE - 1013(a) C.C.P.</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA  92618.  My electronic service address is eservice@g3pmlaw.com.

    On **March 29, 2023**, I served the foregoing document described as **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446** on the interested parties in this action as set forth on the attached service list in the following manner:

**(   )**          **BY MAIL.**  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

(   )          **BY FACSIMILE.**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

(   )          **BY PERSONAL SERVICE.**  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

(   )          **BY EXPRESS MAIL.**  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(xxx)       **BY ELECTRONIC MAIL.**  I caused said document(s) to be served electronically to **mail@clineapc.com** pursuant to Civil Procedure §1010.6(a)

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **March 29, 2023**, at Irvine, California.

                                     _____
                                     Heidi Dufour

*********************************************************************************
<u>SERVICE LIST</u>

**ATTORNEY FOR PLAINTIFF**
Jeffrey O. Moses, Esq.
CLINE APC
7855 Ivanhoe Avenue, Suite 408
La Jolla, California 92037

GATES, GONTER, GUY,
PROUDFOOT & MUENCH LLP
38 DISCOVERY, SUITE 200
IRVINE, CA 92618
(949) 753-0255

1